ORDER AND JUDGMENT*
MICHAEL R. MURPHY, Circuit Judge.
After examining the briefs and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, this case is ordered submitted without oral argument.
John A. Brown, a state prisoner proceeding pro se, appeals the district court’s denial of his 42 U.S.C. § 1983 civil rights complaint. In his § 1983 complaint, Brown alleged that diabetes medication *841 previously determined to be adverse to his health was nevertheless administered to him by prison officials, with a resulting adverse impact to his physical well-being. Specifically, Brown alleged that notwithstanding information in his prison medical file indicating a certain medication, Metformin, should not be administered to him, this same medication was later administered to him under a different brand name, Glucophage. Brown sought damages from two corporations providing contract medical services to correctional facilities in Kansas, asserting that the actions of the prison medical officials denied him his Eighth Amendment right to be free from cruel and unusual punishment.
The district court granted judgment in favor of the defendants, concluding that Brown’s allegations failed to state a claim upon which relief could be granted. In so doing, the district court first recognized it is well-established that prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner’s serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Nevertheless, “accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition do not constitute a medical wrong under the Eighth Amendment.” Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980). Instead, to satisfy the Eight Amendment’s deliberate indifference standard, “the official must have a sufficiently culpable state of mind, which in this context means the official must exhibit deliberate indifference to a substantial risk of serious harm to an inmate.” Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir.1998) (quotation omitted). “Thus, the deliberate indifference standard in a prison-conditions case is a subjective and not an objective requirement. That is, a prison official is liable only if the official knows of and disregards an excessive risk to inmate health and safety. It is not enough to establish that the official should have known of the risk of harm.” Id. (quotations and citation omitted).
Upon review of Brown’s allegations, the district court concluded that his claims failed because there was absolutely no indication that prison officials knowingly placed Brown on the improper diabetes medication. Instead, the district court noted that Brown’s allegations reflected at most a state tort claim of negligence or malpractice and that Brown had, in fact, brought just such a claim in Kansas state court. For these reasons, the district court dismissed Brown’s complaint for failure to state a claim upon which relief could be granted and entered judgment in favor of the defendants.
This court has reviewed Brown’s appellate brief, the district court’s orders, and the entire record on appeal. That review demonstrates that the district court’s resolution of this case is correct. Accordingly, for substantially those reasons set out in the district court’s orders dated April 11, 2005 and May 20, 2005, the order of the district court dismissing Brown’s complaint is hereby AFFIRMED.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.